UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JANE R. RASMUSSEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:10-cv-00155-JAW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

The Social Security Administration found that Jane R. Rasmussen has a severe impairment consisting of degenerative disk disease of the lumbar spine, but retains the functional capacity to perform past relevant work as a stitcher, resulting in a denial of Rasmussen's applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act. Rasmussen commenced this civil action to obtain judicial review of the final administrative decision, alleging errors related to the residual functional capacity finding and the past relevant work finding. I recommend that the Court vacate the Commissioner's administrative decision and remand for further proceedings.

**Standard of Review**

The standard of review is whether substantial evidence supports the Commissioner's findings. 42 U.S.C. §§ 405(g), 1383(c)(3); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. Richardson v. Perales, 402 U.S. 389, 401 (1971); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

**The Administrative Findings**

The Commissioner's final decision is the April 8, 2010, decision of the Decision Review Board, which "found no reason" to disturb the decision of Administrative Law Judge Frederick Harap. The Commissioner rests, in effect, on the June 27, 2008, decision issued by Judge Harap. Judge Harap's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims. (Docs. Related to Admin. Process, Doc. No. 6-2, R. 1, 16.[1])

At step 1 of the sequential evaluation process, the Judge found that Rasmussen met the insured status requirements of Title II through December 31, 2009, and has not engaged in substantial gainful activity since June 1, 2004, the amended date of alleged onset of disability. (Findings 1 & 2, R. 18.)

At step 2, the Judge found that the following severe physical impairment is present: degenerative disk disease of the lumbar spine. (Finding 3, R. 18.) Rasmussen does not object to this finding.

At step 3, the Judge found that this impairment was not sufficiently severe to meet or equal any musculoskeletal listing in the Commissioner's Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P. (Finding 4, R. 20.) Rasmussen does not press a contrary argument here.

As for residual functional capacity (RFC), the Judge found that Rasmussen's combined impairments still permit her to perform the full range of light work. (Finding 5, R. 20.) He based his finding on the functional capacity opinions of two consulting physicians, Dr. Donald

---

[1] The Commissioner has consecutively paginated the entire administrative record ("R."), which has been filed on the Court's electronic docket in a series of attachments to docket entry 6.

Trumbull and Dr. Robert Hayes. He also drew a negative credibility inference and found that Rasmussen's subjective complaints magnify the severity of her pain symptoms. (R. 21.) Rasmussen challenges these findings.

At step 4, the Judge found that a capacity for light work would enable Rasmussen to resume past relevant work as a stitcher, as generally performed, citing Dictionary of Occupational Titles section 786.685-026. (Finding 6, R. 22.) Consequently, he found her not disabled at step 4 and did not continue to consider the claims at step 5. (Finding 7, R. 22.) Rasmussen alleges error.

## Discussion

Rasmussen alleges error related to the credibility determination and the failure to assign controlling weight to the opinions of her care providers. She also argues that the Judge failed to explain why he did not adopt a postural limitation found by the consulting physicians. (Statement of Errors at 5-8.) Rasmussen further asserts that the Judge failed to properly evaluate her past relevant work in line with Social Security Ruling 82-62 and that the Judge also categorized her past work improperly in relation to the Dictionary of Occupational Titles. (Id. at 2-5.) Rasmussen's arguments demonstrate a mulligan on the part of the Judge and the Court should remand the case.

A.   **Failure to acknowledge expert agreement on postural limitation**

Rasmussen's lower back pain stems from a 2004 injury she sustained when lifting a box of materials in service to her employer. In this occupation, Rasmussen spent 14 years performing tasks that generally required her to maintain an extreme forward-flexed position. (Ex. 9F.) Despite this work history and the work injury, objective radiologic findings depict mild degenerative changes, changes that are not inconsistent with what would be expected of a

person of Rasmussen's roughly 60 years.  (Exs. 7F,  13F.)  However, all of the medical experts who have evaluated Rasmussen's impairment for purposes of occupational function, including Disability Determination Services consultants, have agreed that Rasmussen is not capable of returning to an occupation that requires protracted forward flexion, or what the Administration's regulations refer to as "stooping."  (Ex. 7F at R. 241;  Ex. 9F at R. 244;  Ex. 11F at R. 267;  Ex. 12F at R. 275.[2])

The Judge found that Rasmussen had a severe disk impairment.  However, he found that the impairment would only limit Rasmussen to the full range of light exertion work.  He did not find an additional postural restriction, such as a limitation to only occasional stooping.  Nor did he explain away the contrary expert assessments on this point.  He did note expert opinion that there likely was a degree of symptom magnification, but these same experts allowed for postural restrictions.  (R. 21;  see also Exs. 11F, 12F.)

In this case, the Judge's failure to explain away the postural limitations violates certain longstanding Administration policies related to the discussion of medical expert opinion, as articulated in Social Security Rulings 96-5p and 96-6p and 20 C.F.R. §§ 404.1527, 416.927.  Accordingly, the balance of this discussion assumes that Rasmussen has successfully demonstrated the existence of such a restriction.

**B.      Failure to evaluate past relevant work in light of postural restriction**

If a claimant's RFC is compatible with his or her past relevant work, the claimant will be found "not disabled."  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At step 4 of the sequential evaluation process, the burden of proof rests with the claimant to demonstrate that his or her residual functional capacity does not permit the performance of past relevant work.

---

[2]      See also Ex. 13F at R. 288-89 (assessing a likely inability to perform full time in a "production" setting due to discogenic pain).

Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of proving that his or her impairment or combination of impairments precludes engagement in the past "type" of work, not merely a particular job. Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985).

In the absence of any contrary evidence, such as evidence that might have been supplied by a vocational expert, Rasmussen has developed a record that reliably supports a finding that she cannot return to her former type of work as a shoe assembly stitcher. At the administrative hearing, the Judge neglected to call a vocational expert to discuss Rasmussen's past relevant work and whether there were light-duty jobs within the occupational category that would not required a significant amount of forward-flexed, or stooped, posture. Instead, the Judge independently looked to the Dictionary of Occupational Titles to find an occupational category that might capture Rasmussen's past relevant work. He identified a stitching job in the garment industry. (Finding 6, R. 22.) At oral argument, the Commissioner conceded that the Judge identified the wrong job. The Commissioner suggested that the correct job can be found in the Dictionary of Occupational Titles at occupation 690.682-082, which says no stooping is required, or occupation 690.982-078, which describes only occasional stooping.

The Court should not perform a post-hoc analysis involving its own independent application of the Dictionary of Occupational Titles in order to discount a plaintiff's otherwise persuasive presentation concerning past relevant work. Rather, the Court should remand for further proceedings because the record lacks the full development necessary to supply substantial evidence for the Judge's finding of not disabled at step 4. Further proceedings on remand would amount to more than an "empty exercise" given the particular presentation of this case. Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000).

5

**Conclusion**

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court VACATE the Commissioner's final decision and remand for further proceedings consistent herewith.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 25, 2011